**Kathryn E. SHIFLET, Plaintiff,**

v.

**ALLSTATE INSURANCE CO., Defendant.**

C.A. No. 2:04–22851–23.

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 23, 2006.

Edward K. Pritchard, III, Pritchard Law Firm, Philip Alston Middleton, Charleston, SC, for Plaintiff.

Thomas H. Milligan, Milligan Law Firm, Mt. Pleasant, SC, for Defendant.

### ORDER

DUFFY, District Judge.

This matter is before the court on Defendant Allstate Insurance Company's Motion to Amend the Answer. Plaintiff Kathryn Shiflet opposes this motion. For the reasons set forth herein, Defendant's motion is granted.

### BACKGROUND

On January 4, 2004, Plaintiff Kathryn Shiflet's mobile home and personal belongings were destroyed by fire. At the time of the fire, Plaintiff's mobile home was covered under an insurance policy provided by Allstate

Insurance. On November 3, 2004, Plaintiff initiated this action against Defendant Allstate Insurance for breach of contract, bad faith, and violation of S.C.Code § 59–38–40, after Allstate allegedly wrongfully denied Plaintiff's claim.

Defendant Allstate originally filed its answer to the original complaint on December 6, 2004. Then, on May 31, 2005, Plaintiff amended the original complaint with the leave of the court. On June 3, 2005, Defendant filed its answer to the Amended Complaint, including a motion to join Mr. Shiflet as a necessary party or, if that is not feasible, that the action be dismissed.[1] On November 10, 2005, Defendant filed a motion to amend its answer to the Amended Complaint so as to include the defense of arson. Five days after Defendant filed this motion to amend, the court adopted, with the consent of both parties, a Second Amended Scheduling Order. This Order specified that any amended pleadings would be due by December 15, 2005 and that discovery was to be completed by March 1, 2006.

On January 13, 2006, Plaintiff filed her response in opposition to Defendant's motion to amend its answer. Plaintiff argues that the proposed amendment should be denied because it is prejudicial to Plaintiff, in bad faith, and would be futile.

## DISCUSSION

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). While the decision to grant a party leave to amend a pleading is within the sound discretion of the trial court, that discretion is limited by the general policy favoring the resolution of cases on the merits. *See Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir.1987).

■ In exercising its discretion to amend, a court should focus on factors like "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Mere delay unaccompanied by prejudice, bad faith, or futility in moving to amend is not a sufficient reason to deny leave to amend. *See Island Creek Coal Co.*, 832 F.2d at 279. The Fourth Circuit has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir.1999). Moreover, the Supreme Court has declared that leave to amend "shall be freely given when justice so requires." *Foman*, 371 U.S. at 182, 83 S.Ct. 227, 9 L.Ed.2d 222.

■ Here, the court believes that Defendant's motion for leave to amend its answer should be granted. First, Defendant filed the motion to amend its answer within the time as provided by the scheduling order and when over three months remained before discovery was due. Accordingly, Defendant timely amended and Plaintiff is not prejudiced by undue delay. *See Berkeley–Dorchester Counties Economic Development Corp. v. U.S. Dept. of Health and Human Services*, 395 F.Supp.2d 317 (D.S.C.2005) (holding that grant of leave to amend pleading was not prejudicial where significant factual developments had occurred since filing of amended complaint and district court had not ruled on any dispositive motions nor entered scheduling order); *Page v. Bolger*, 645 F.2d 227 (4th Cir.1981) (holding that district court did not abuse its discretion in declining to allow amendment of complaint where the trial was scheduled for the next month, and discovery was complete). Additionally, Defendant alleges that it has uncovered "new additional information" through discovery that was not available when Defendant filed its amended answer. *See, e.g. Franks v. Ross*, 313 F.3d 184, 193 (4th Cir.2002). As

---

1. Plaintiff wrongly claims that Defendant first makes the motion to join Mr. Shiflet as a necessary party in this proposed amended answer. In fact, Defendant made this motion in its original answer to the amended complaint. (Doc. # 33, ¶ 23.) Therefore, the court will not consider Plaintiff's argument that Defendant may not "amend" its answer to include this motion.

such, Defendant is not acting in bad faith in moving to amend, but rather, is preserving a defense that may well be available to it. *See Berkeley–Dorchester,* 395 F.Supp.2d at 325.

Further, because the proposed additional defense of arson is a complete defense to Plaintiff's claims, the court believes that allowing amendment will aid in resolving the case on the merits. *See, e.g., Pittston,* 199 F.3d at 705 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Despite Plaintiff's arguments to the contrary, the court does not believe that Defendant's amendment is futile, as Defendant seeks to raise a potentially viable complete defense. *See Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510–11 (4th Cir. 1986) (holding that for a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face."); *see also, Rambus, Inc. v. Infineon Tech., AG,* 304 F.Supp.2d 812, 819 (E.D.Va. 2004) ("Courts generally favor the 'resolution of cases on their merits'... [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, ..., or for resolution at trial."). In short, the court finds that Defendant's proposed amendment is not prejudicial to Plaintiff, not in bad faith, and not obviously futile. Accordingly, the court grants Defendant's motion, and directs Plaintiff to file appropriate responsive pleadings to the First Amended Answer.

## CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendant's Motion to Amend Answer is **GRANTED.**

**AND IT IS SO ORDERED.**